IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 11, 2012

**STATE OF TENNESSEE v. MYRON LEE WEBB**

**Appeal from the Circuit Court for Lincoln County**
**Nos. S1000081, S1100069, and S1100075     Robert Crigler, Judge**

**No. M2011-02181-CCA-R3-CD - Filed September 25, 2012**

Following the defendant's open guilty pleas to two counts of driving under the influence
("DUI") (fifth and sixth offenses), *see* T.C.A. § 55-10-401(2008); three counts of driving
while his license was revoked ("DWLR") (one fourth and two fifth offenses), *see id.* § 55-10-
504; one count of violating the implied consent law, *see id.* § 55-10-406; one count of
violating the open container law, *see id.* § 55-10-416; and one count of reckless driving, *see*
*id.* § 55-10-205, the Lincoln County Circuit Court imposed an effective sentence of eight
years' incarceration as a Range II, multiple offender.  On appeal, the defendant challenges
the length and alignment of the sentences.  Discerning no error, we affirm the judgments of
the trial court.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH
and ALAN E. GLENN, JJ., joined.

Donna Orr Hargrove, District Public Defender; and William J. Harold, Assistant Public
Defender, for the appellant, Myron Lee Webb.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney
General; Charles Crawford, District Attorney General; and Hollyn Eubanks, Assistant
District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 20, 2010, the Lincoln County grand jury charged the defendant, Myron
Lee Webb, in case number S1000081, with DUI (fifth offense), DWLR (fourth offense),
violation of the implied consent law, violation of the open container law, and reckless driving
for offenses surrounding his stop for speeding on January 26, 2010.  While on bond for these

offenses, the defendant was arrested twice more for driving offenses. In case number S1100069, the grand jury charged the defendant with DWLR (fifth offense) for his driving without a license occurring on March 3, 2011. In case number S1100075, the grand jury charged the defendant with DUI (sixth offense) and DWLR (fifth offense) for a March 24, 2011 arrest. On July 19, 2011, the defendant entered guilty pleas to each count of the indictments, leaving the sentencing decision to the discretion of the trial court.

At the September 6, 2011 sentencing hearing, the defendant's mother testified that much of the defendant's criminal behavior stemmed from his "turn[ing] to drinking" following the deaths of his siblings in 2003 and 2005. She asked the trial court to place the defendant on some form of alternative release so that he could attend inpatient treatment for alcohol abuse. On cross-examination, the defendant's mother admitted she was not aware of the defendant's 11 alcohol-related convictions that occurred prior to 2003. Likewise, she was unaware of the defendant's 2001 federal conviction of counterfeiting.

The defendant testified and expressed his desire to attend substance abuse treatment so that he could "become a law-abiding productive citizen." On cross-examination, he acknowledged his absconding from a halfway house and his 2002 promise, via a guilty plea in federal court, that he would "never break the law again."

The trial court found that the defendant qualified as a Range II, multiple offender for the felony DUI counts and imposed the following sentences, resulting in a total effective sentence of eight years' incarceration:

| No. S1000081 | | | |
|---|---|---|---|
| count one | DUI, fifth offense | 4 years | – concurrently with counts two, three and five of S1000081 <br> – concurrently with S1100069 <br> – consecutively to S1100075 |
| count two | DWLR, fourth offense | 11 months 29 days | |
| count three | implied consent | 11 months 29 days | |
| count four | open container | $50 fine only | |
| count five | reckless driving | 11 months 29 days | |

| No. S1100069 | | | |
|---|---|---|---|
| count one | DWLR, fifth offense | 11 months 29 days | |
| **No. S1100075** | | | |
| count one | DUI, sixth offense | 4 years | – concurrently with count two of S1100075<br>– consecutively to S1000081 |
| count two | DWLR, fifth offense | 11 months 29 days | |

On appeal, the defendant argues that the imposition of four-year sentences for the DUI counts and their consecutive alignment resulted in too harsh a sentence. The State contends that the record supports the trial court's sentencing determination.

When considering challenges to the length and manner of service of a sentence this court conducts a de novo review with a presumption that the determinations of the trial court are correct. T.C.A. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The appealing party, in this case the defendant, bears the burden of establishing impropriety in the sentence. T.C.A. § 40-35-401, Sentencing Comm'n Comments; *see also Ashby*, 823 S.W.2d at 169. If our review of the sentence establishes that the trial court gave "due consideration" to the appropriate "factors and principles which are relevant to sentencing under the Act, and that the trial court's findings of fact . . . are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

In making its sentencing decision, the trial court was required to consider:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b). The trial court should also consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(5).

At the outset, we note that the record reflects the trial court's consideration of the appropriate sentencing principles and the facts and circumstances of the case. As a Range II, multiple offender, the defendant faced a sentencing range of two to four years for each DUI conviction. *See id.* § 40-35-112(b)(5). The trial court increased the lengths of the DUI sentences beyond the statutory minimum two-year sentence to the maximum four-year sentence based upon its findings concerning the defendant's "previous history of criminal convictions" and "fail[ure] to comply with the conditions of a sentence involving release into the community." *See id.* § 40-35-114(1), (8). As catalogued in the presentence investigation report and also noted by the trial court, the defendant possessed an "[e]xtremely extensive" criminal history encompassing over 20 years of criminal behavior. During that time frame, the defendant garnered 14 charges for failing to appear and also absconded from a halfway house during the pendency of his federal counterfeiting charges. His record also includes two probation revocations. In our view, the record more than amply supports the trial court's application of enhancement factors. We conclude that the trial court's increase of each sentence to the four-year statutory maximum was appropriate in this case.

As to the defendant's challenge concerning the imposition of consecutive sentences, when a defendant is convicted of multiple crimes, the trial court, in its discretion, may order the sentences to be served consecutively if it finds by a preponderance of the evidence that a defendant falls into one of seven categories listed in Tennessee Code Annotated section 40-35-115. They are:

-4-

(1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115(b). The existence of a single category is sufficient to warrant the imposition of consecutive sentences. *See State v. Adams*, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997).

The trial court imposed partially consecutive sentences based upon its finding that "[t]he defendant is an offender whose record of criminal activity is extensive." *See* T.C.A. § 40-35-115(2). The record supports this finding because the exhibits to the sentencing hearing reflect the defendant's prolific history of criminal convictions spanning over 20 years. Moreover, the defendant committed his sixth offense DUI while on bond for

the fifth offense DUI. Thus, consecutive sentences were mandatory for those offenses. *See* Tenn. R. Crim. P. 32(c)(3)(C) (requiring consecutive service of "a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses"). We conclude that the trial court's alignment of sentences in this case was proper.

The judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE